UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK CHESLER, | ) | CASE NO.  1:13CV40 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| CITY OF FAIRVIEW PARK, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiff's motion to file a second amended complaint *instanter*. (Doc. No. 16.) The motion is unopposed. For the reasons that follow, the motion is granted.

Plaintiff Mark Chesler ("plaintiff") originally brought this action in state court against defendants City of Fairview Park, John Martin, Jeffrey Jurcak and Eric Upperman (collectively "defendants"), alleging that defendants violated his federal and state constitutional rights when they caused him to be arrested as he was running to catch a city bus. Plaintiff maintains that the arrest was unlawful, and he seeks compensatory and punitive damages, and a declaration that his civil rights were violated. On January 8, 2013, defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441(a) and (b). (Doc. No. 1, Notice of Removal.)

During a telephone conference on March 8, 2013, counsel for plaintiff advised defendants and the Court that plaintiff had filed an amended complaint in state court the same day (January 8, 2013) that defendants removed the action to this Court

(hereinafter the amended state court pleading shall be referred to as the "first amended complaint"). Because the first amended complaint had not been appended to defendants' notice of removal, the Court instructed plaintiff to file a copy of the first amended complaint in this Court. On May 13, 2013, plaintiff filed a copy of the first amended complaint. (*See* Doc. No. 15-1, State Court Amended Complaint.) On the same day (May 13, 2013), plaintiff filed the present motion.

Plaintiff now seeks to file a second amended complaint, and has appended a copy of the proposed pleading. (Doc. No. 16-1, Second Amended Complaint.) In his motion to amend, plaintiff requests leave to correct certain typographical and grammatical errors contained in the first amended complaint, and to reflect that the action is now in federal court. Plaintiff represents that he is not attempting to add any new claims or new parties, and further notes that the substance of the allegations have not changed in this new pleading.[1] It is true that the second amended complaint contains no substantive changes from the first amended complaint, other than a revision of the declaratory judgment claim so that it requests a declaration under the federal declaratory judgment statute, 28 U.S.C. § 2201. However, it is important to note that the first amended complaint added two claims that were not present in the original complaint: intentional infliction of emotional distress and abuse of process. The first amended complaint also added several factual allegations. Defendants did not seek to strike the first amended complaint, or otherwise object to this submission. Nonetheless, the Court

---

[1] Plaintiff also observes that, because the first amended complaint was filed in state court on the same day that defendants removed the action to this Court, defendants failed to respond to the first amended complaint. Plaintiff suggests that the granting of the present motion will provide defendants with the opportunity to provide a timely answer.

finds it necessary to consider whether leave should be given to allow for the amendments proposed in both the first and second amended complaints.

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-32 (1971), 91 S. Ct. 795, 28 L. Ed. 77 (1971); *Estes v. Ky. Util*., 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co*., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *Duchon v. Cajon Co*., 791 F.2d 43, 48 (6th Cir. 1986). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less

prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds no evidence of prejudice to the opposing party, a likelihood of a delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. While plaintiff waited more than nine weeks after advising the Court and opposing counsel of the existence of the first amended complaint to file it—along with the present motion to further amend the state court pleading—in this Court, the delay will have no effect on the resolution of this case. The first amended complaint and the motion to further amend were filed with almost three months left in discovery, and there is no evidence to suggest that the new claims and factual allegations will cause defendants to expend significant additional expenses conducting discovery. Additionally, there is no indication that the amendments will result in delays in the proceedings or require an adjustment of the dates and deadlines currently set in this case. Finally, while this is the second request to amend the complaint, plaintiff has not demonstrated a repeated failure to cure deficiencies in the pleadings.[2]

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a). The Court, therefore, grants plaintiff's motion for leave to file a second

---

[2] In so ruling, the Court observes that the most significant change from the first to second amended complaint—the change in authority for the request for declaratory judgment—was necessitated by defendants' decision to remove the case to federal court.

4

amended complaint. Plaintiff's second amended complaint (Doc. No. 16-1) shall be deemed filed as of the date of this order.

**IT IS SO ORDERED**.

Dated: June 12, 2013

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**